**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO.: 6:08-CV-2052-MSS-DAB**

**LOUISE THOMPSON,**

**Plaintiff,**

**vs.**

**ENERGIZER HOLDINGS, INC.**

**Defendant.** **Request for Trial by Jury**

________________________________/

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITH REGARD TO WAGES, VACATION PAY AND BONUS**

The Plaintiff, Louise Thompson, by and through her undersigned attorneys, moves for partial summary judgment with respect to wages, vacation pay, and bonus owed to her by the Defendant, Energizer Holdings, Inc. [herein "Energizer"] If this matter is tried, Plaintiff requests trial by jury as to these claims. The remainder of this case raises issues as to Plaintiff's entitlement to severance pay which is subject to ERISA. The ERISA issues are not part of the instant motion. Plaintiff does not claim the right of trial by jury as to the ERISA portion of this case.

**I. Statement of the Facts Regarding Wages, Bonus and Vacation Pay due the Plaintiff:**

The Plaintiff, Louise Thompson, is a Ph.D. graduate of the University of Dundee, Scotland in 1999. Tr. p. 15. She was employed for a year as a post doctoral research

scientist at the University until the year 2000. Tr. p. 15. From 2002 through 2004 she was a research scientist/laboratory manager employed by the University of Florida in Gainesville, at a salary of $32,000/year. Tr. pp. 16-17; Exhibit 1, resume of Dr. Louise Thompson certified by Dr. Thompson as "true and accurate". Tr. p. 23. From April 2005 until April 2007, she was employed by Tanning Research Laboratories, Inc., a division of Hawaiian Tropic, Inc., in Ormond Beach, Florida, as a researcher evaluating the effectiveness of sun screening lotions at an annual salary of $42,000/year. Tr. pp. 18 - 22 and 54-58 and pp. 81 - 84; Exhibit 2.

Hawaiian Tropics was bought out by Playtex Products, Inc. in April, 2007. Tr. p. 22. Playtex retained Dr. Thompson and offered her the position of Manager, Regulatory Affairs at an annualized base salary of $41,600, paid weekly which was the subject of an employment contract signed by Dr. Thompson and Gretchen C. Crist, Vice President, Human Resources of Playtex. Exhibit 3, signed employment contract with Playtex. Playtex in turn was purchased by Defendant Energizer in October, 2007. Tr. p. 99. On December 5, 2007, Dr. Thompson was offered an employment contract by Energizer which is signed by Dr. Thompson, and by David P. Hatfield, the President and CEO of Schick-Wilkinson Sword, a division of Energizer. Tr. p. 100; Exhibit 4. The employment agreement states:

> "It is my pleasure to offer you the full-time regular position of Science and Intellectual Property Manager in Energizer's Personal Care Division . . . at an annual salary of $85,000 gross, effective 01/01/2008.

Dr. Thompson signed this employment contract under the heading "OFFER ACCEPTED"

on December 18, 2007. Exhibit 4, the Energizer employment contract.

A. **Unpaid Wages:**

Dr. Thompson was laid off by Energizer on April 31, 2008. Tr. p. 142. Her wage rate per the terms of the employment contract in the period January 1, 2008 through April 31, 2008, was at an annual rate of $85,000/year. Energizer, however, had been paying her during this period of time at the lower Playtex wage rate of $41,600. Thus, she was short approximately $13,000. Tr. pp. 144-146; Exhibit 5, sworn interrogatory answers of Dr. Thompson. Energizer paid some of the shortage in the amount of $7,646.87 on May 15, 2008; however, a wage shortage per the employment contract remains in the amount of $5,338. Tr. p. 146; Exhibit 5, sworn interrogatory answers of Dr. Thompson.

B. **Unpaid Bonus:**

Dr. Thompson was also due a bonus pursuant to the following provisions of her employment contract with Energizer [Exhibit 4]:

> Effective January 1, 2008, you will no longer be eligible to participate in a bonus program. However, due to loss of bonus participation, if you accept this offer you will receive a bonus reduction buyout payment on January 1, 2008 and January 1, 2009. Such payments will be calculated using the percentage reduction in your bonus target multiplied by your base salary in effect on December 31, 2007 for the January 1, 2008 payment and in effect on December 31, 2008 for the January 1, 2009 payment. If you voluntarily terminate employment or are terminated for cause during 2008, you must reimburse Energizer for the January 1, 2008 payment - - reduced on a prorated basis by completed months of service in 208 - - and you forfeit entitlement to the January 1, 2009 payment. If you voluntarily terminate employment or are terminated for cause during 2009, you must reimburse Energizer for the January 1, 2009 payment - - reduced on a prorated basis by completed months of service in 2009.

The contractual language in the Energizer employment contract [Exhibit 4] refers to

a bonus program in effect under the Playtex employment contract [Exhibit 3]. The Playtex bonus program is described in the Playtex employment contract of June 12, 2007 [Exhibit 3] which states:

> **Bonus Program:** Beginning January 1, 2008, you will be eligible to participate in the Playtex Products, Inc. Incentive bonus plan with a target bonus of 15% of your annualized gross base salary. Based on your position responsibilities, 100% of your bonus will be based on worldwide Playtex Value Measure results. The 2007 Playtex Value Measure plan document is enclosed.
>
> For the remainder of 2007, if you continue to perform the responsibilities of your position and successfully deliver against your objectives, you will be eligible for a $3,100 bonus, less taxes, provided that Playtex achieves at least 90% of its 2007 Playtex Value Measure target and you are employed by Playtex Products, Inc. When bonus payments are made. Payment is targeted for February 2008.

Dr. Thompson did not receive any bonus payment from Energizer. She is uncertain as to the actual amount of bonus due to her in that the computation of the bonus is very complex. Tr. pp. 152 - 155; Exhibit 4, the Energizer contract of employment; Exhibit 5, sworn interrogatory answers.

Energizer may be claiming that Dr. Thompson voluntarily resigned from her employment and thus is not entitled to a bonus. Energizer suggests that a letter written by Dr. Thompson of April 11, 2008, is a letter of resignation. Exhibit 6. Dr. Thompson did not resign, and her letter of April 11, 2008, is not a letter of resignation. Tr. pp. 133-143. The letter of April 11, 2008, does not say that Dr. Thompson resigned, and it does not set a date for her resignation. Exhibit 6. Thompson was laid off by Energizer on April 31, 2008. Tr. pp. 135-143; p. 156. Energizer had wanted Dr. Thompson to transfer to an Energizer

office in New Jersey, but it did not work out due to problems within the organization and family issues involving Dr. Thompson which included the deaths of her grandmother and her father-in-law. Tr. pp. 100 - 143; Exhibit 6. Dr. Thompson's testimony in her deposition and her letter of April 11, 2008, describe the process and sequence of events by which Energizer laid her off from her employment with Energizer. Tr. pp. 100 - 143; Exhibit 6.

As noted, Dr. Thompson has not been paid any bonus pay by Energizer in breach of her employment agreement with Energizer.

**C. Unpaid Vacation Pay:**

Dr. Thompson is due $2,079.58 in vacation pay. Exhibit 5, sworn interrogatory answers; Tr. pp. 153-155; pp. 159-161. She has not been paid any vacation pay due to her by Energizer in the period January 1, 2008, through April 31, 2008, in breach of her employment agreement with Energizer.

**MEMORANDUM OF LAW**

This is both an ERISA case for unpaid severance pay, and a breach of contract case pursuant to the common law of the State of Florida for unpaid wages, bonus, and vacation pay. The severance pay due Dr. Thompson is controlled by ERISA. Loskill v. Barnett Banks, Inc., 289 F.3d 734 (11th Cir. 2002). Unpaid wages, bonus and vacation pay due to Dr. Thompson in the period January 1, 2008, through April 31, 2008, involves a breach of an employment contract which does not involve ERISA. Williams v. Wright, 927 F.2d 1540, 1545 (11th Cir. 1991); Murphy v. Inexo Oil Co, 611 F.2d 570 (11th Cir. 1980).

The instant motion for partial summary judgement is not an ERISA action. It is limited to Plaintiff's common law claim for breach of a written employment contract for failure and refusal of Energizer to pay to the Plaintiff all of the wages, vacation pay and bonus due to her by Energizer in the period January 1, 2008, through April 31, 2008. If the Plaintiff is awarded any wages, vacation pay or bonus pursuant to the instant motion for partial summary judgment, she is a prevailing party within the meaning of Florida Statutes 448.08 and is entitled to a reasonable attorney fee. Sentinel Enterprises, Inc. v. Stankiewicz, 545 So.2d 288 (Fla. DCA3, 1989); Souder v. Premier Automotive on Atlantic, LLC, 2009 U.S. Dist. LEXIS 25591 (M.D.Fla. March 13, 2009)(Hon. Timothy J. Corrigan, U.S. District Judge). Dr. Thompson is a prevailing party under F.S. 448.08 even if she recovers less than the amount that she claims, so long as she establishes, and this honorable Court finds, that the Energizer breached their employment agreement, that she is entitled to unpaid wages, vacation pay, and unpaid bonus, and that her statutorily authorized attorney's fees are a result of that breach. Higson v. MMI of Florida, Inc., et al., 8 So.3d 398, 401, 402 (Fla. DCA2, 2009)(also awarding pre-judgment interest from the date the entitlement to attorney fees is fixed through an agreement, arbitration award or court determination, even though the amount of the award has not yet been determined).

The employment contract executed by Dr. Thompson and Energizer entitles Dr. Thompson to wages an annual rate of $85,000/year effective January 1, 2008, and continuing. Energizer did not pay Dr. Thompson at the contractual rate in the period January

1, 2008 through April 31, 2008, her last day of employment with Energizer. Rather, Energizer continued to pay Dr. Thompson in this period of time the salary, $41,600 annually, that she received from the predecessor, Playtex. Energizer made up part of the shortfall on May 15, 2008, in the amount of $7,646.87. However, this was still short $5,338.00, the amount Dr. Thompson claims in this lawsuit as unpaid wages. Dr. Thompson is short vacation pay in the amount of $2,079.58. Energizer did not pay to her any vacation pay in the period January 1, 2008, through April 31, 2008. She is short bonus for some indeterminate amount for the period January 1, 2008, through April 31, 2008. Due to the complexity of the bonus provisions, Dr. Thompson is unable to give a precise amount of bonus due to her by Energizer. She can state that she was not paid any bonus on or after January 1, 2008, by Energizer.

WHEREFORE, the Plaintiff, Dr. Louise Thompson, requests that this honorable Court enter partial summary judgment in her favor in an appropriate amount for unpaid wages, vacation pay, and bonus due her pursuant to the terms of her employment agreement with Energizer for the period January 1, 2008, through and including April 31, 2008, and also awarding appropriate attorney fees, costs, and pre-judgment interest to her pursuant to F.S. 448.08.

**REQUEST FOR HEARING**

The undersigned counsel are available for oral argument with regard to the issues raised in the instant motion if warranted by this honorable Court.

Respectfully submitted,

**s/Nicholas E. Karatinos**
Florida Bar No. 109742
Law Offices of Nicholas E. Karatinos
18920 North Dale Mabry Highway, Suite 102
Lutz, Florida 33548
Voice: 813.345.5945
FAX: 813.949.0373
Co-Counsel for the Plaintiff
Nek1720@aol.com

Bonnie Ava Berns
Florida Bar No.
Bonnie A. Berns, P.A.
1360 North U.S. Highway 1
Ormond Beach, Florida 32174
Voice: 386.672.4040
FAX: 386.672.4252
Co-Counsel for the Plaintiff
Bbernslawoffice@yahoo.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this the 20 th day of May, 2010, I electronically filed the foregoing document with attachments with the Clerk of Court using the CM/ECF system which will serve copies of same upon all counsel of record.

**s/Nicholas E. Karatinos**