UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LOUISE THOMPSON,**
          **Plaintiff,**

v.                                                     Case No. 6:08-CV-2052-ORL-35DAB

**ENERGIZER HOLDINGS, INC.**
          **Defendant.**
_____

**ORDER**

This case is before the Court on Plaintiff's Motion for Summary Judgment filed on May 20, 2010. (Dkt. 39 ).

The parties are hereby notified that the Court will take the Motion for Summary Judgment under advisement on **July 6, 2010**. Prior to that date, the adverse party may file affidavit(s) within the purview of the Federal Rule of Civil Procedure 56 in opposition to the Motion. Failure to oppose the Motion for Summary Judgment may result in Judgment for movant without further proceedings. *See Milburn v. United States*, 734 F.2d 762 (11th Cir. 1984); *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985), Local Rule 3.01(b). A hearing will not be held on the Motion for Partial Summary Judgment unless it is deemed warranted by the Court.

Further, the Court hereby amends its Case Management and Scheduling Order to reflect changes to the Court's procedure for considering motions for summary judgment, in light of recent amendments to Rule 56, Fed. R. Civ. Pro. The Case Management and Scheduling Order shall be amended to substitute is prior "**Paragraph H**" with the following:

H.  **Motions for Summary Judgment**

1.  **Required Materials** – A motion for summary judgment shall specify the material facts as to which the moving party contends there is no genuine issue for trial, and shall be accompanied by a memorandum of law, affidavits and other evidence in the form required by Federal Rule of Civil Procedure 56. The motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than twenty-five pages. Local Rule 3.01(a). Each party opposing a motion for summary judgment shall serve, within **thirty (30) days** after being served with such motion, a legal memorandum with citation of authorities in opposition to the relief requested of not more than **twenty (20) pages**. *Id. **This deadline reflects a nine day extension of time beyond the deadline established by Rule 56, as amended; thus, additional requests for extension are disfavored.*** The memorandum in opposition shall specify the material facts as to which the opposing party contends there exists a genuine issue for trial, and shall be accompanied by affidavit(s) and other evidence in the form required by Federal Rule of Civil Procedure 56. Both the movant and the party opposing summary judgment shall provide pinpoint citations to the pages and lines of the record supporting each material fact. General references to a deposition are inadequate. On or before the date on which the memorandum in opposition is due, the parties **SHALL** also file a stipulation of agreed material facts signed by the movant and the parties opposing summary judgment pursuant to Local Rule 4.15. Material facts set forth in the stipulation will be deemed admitted for the purposes of the motion. **The Court will accept a ten (10) page reply**. The reply shall be limited to addressing issues raised by the opposing party that have not already been addressed in the motion. The reply shall be filed within **fourteen (14) days** after the response is served.

2.  **Under Advisement** – The Court takes a motion for summary judgment under advisement **no earlier than forty-five (45) days** from the date it is served, unless the Court orders a different date. Unless specifically ordered, the Court will not hold a hearing on the motion. Failure to oppose any motion for summary judgment may result in the entry of a judgment for the movant without further proceedings. *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984); *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985) (*per curiam*); Fed.R.Civ.P. 56 (e). All requirements in this Order apply to *pro se* litigants as well as to parties represented by counsel.

**DONE** and **ORDERED** in Orlando, Florida, on June 1st 2010.

Copies to:
All Counsel of Record
Any Unrepresented Party

_/s/ Mary S. Scriven_
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE