UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:08-cv-02052-MSS-DAB

LOUISE THOMPSON,

    Plaintiff,

v.

ENERGIZER HOLDINGS, INC. and
ENERGIZER PLANS ADMINISTRATIVE
COMMITTEE,

    Defendants.
_____/

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT WITH REGARD TO WAGES,
VACATION PAY AND BONUS**

Defendants, Energizer Holdings, Inc. and Energizer Plans Administrative Committee (collectively, "Energizer"), by and through their undersigned counsel, files its Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment With Regard to Wages, Vacation Pay and Bonus and states:

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS**

Energizer responds to Plaintiff's Statement of Facts in support of her Motion for Partial Summary Judgment by assigning numbers to the un-numbered sentences in Plaintiff's Statement of Facts. For ease of reference, a numbered copy of Plaintiff's Statement of Facts is attached hereto as Exhibit "1."

**I.    Statement of Facts Regarding Wages, Bonus and Vacation Pay**

    1.    Undisputed.

2. Undisputed.

3. Undisputed.

4. Disputed. Thompson was hired by Tanning Research Laboratories, Inc., ("TRLI") as a part-time chemist on April 10, 2005. (Bradshaw Affidavit ¶ 3, which is attached hereto as Exhibit 2) Her rate of pay was $18.00 per hour. (Bradshaw Affidavit ¶ 3). On January 3, 2006, Thompson became a full-time employee and was named the Scientific and Regulatory Affairs Manager. (Bradshaw Affidavit ¶4). As the Scientific and Regulatory Affairs Manager, Thompson earned a salary of $40, 000.00 per year. (Bradshaw Affidavit ¶ 4).

5. Disputed. Playtex Products, Inc. purchased TRLI in April 2007. (Bradshaw Affidavit ¶6).

6. Undisputed.

7. Undisputed.

8. Undisputed.

9. Undisputed.

10. Undisputed.

**A.    Unpaid Wages**

11. Disputed. Thompson submitted a letter of resignation on April 11, 2008. A true and correct copy of Thompson's letter of resignation, acknowledged during Plaintiff's deposition as Defendant's Exhibit No. 10 and is attached hereto as Exhibit "3"

12. Undisputed.

13. Disputed. Effective January 1, 2008, Thompson was paid at an annual rate of $42, 800.00. (Bradshaw Affidavit ¶23)

14. Disputed.

15.     Disputed. On May 15, 2008, Energizer paid Plaintiff $7,795.95 (gross) in an effort to pay up all amounts due. It was calculated as follows: $85,000.00 dollars (contract salary) less $42,800.00 (rate actually paid) divided by 12 (months) times 4 (months) equals $14,066.67. From that, Energizer subtracted the entire January 1, 2008 bonus buyout payment of $6,420.00. Added to that amount was Energizer's calculated amount of $149.18 for unused PTO due. (Bradshaw Affidavit ¶24) In fact, because Plaintiff completed four months of service in 2008, she was only required to repay 2/3 of the bonus buyout payment, or $4,280.00. Therefore, on September 25, 2008, Plaintiff was repaid $2,140.00 (gross) for the portion of the buyout payment that was "earned." (See Exhibit O to Bradshaw Affidavit). In addition, Energizer learned that the earlier personal time off payment of $149.18 had been calculated on the basis of her December 2007 salary of $42,800 rather than her 2008 salary of $85,000. Therefore, Energizer recalculated and paid the difference of $164.29 (gross) so that the total amount of the personal time off (or vacation) to which Plaintiff was entitled and for which she was paid was $313.47. The payment of $164.29 was made at the same time as the repayment of the bonus in the amount of $2,140.00. (See Exhibit O to Bradshaw Affidavit). No additional wages are owed.

      **B.**     **Unpaid Bonus.**

16.     Undisputed.

17.     Undisputed.

18.     Undisputed.

19.     Disputed. On January 15, 2008, Thompson received a bonus buy-out payment of $6,420.00. (Bradshaw Affidavit ¶15) That payment was later adjusted to the amount of $2,140.00, pursuant to the employment agreement and based upon Thompson working at Energizer for one-third of the year 2008. (Bradshaw Affidavit, Exh. F and O).

3

20. Disputed. Defendant has no knowledge of Thompson's certainty or uncertainty as to the computation.

21. Disputed. Thompson earned and received one-third of her bonus.

22. Disputed. It is a fact, not a suggestion, that Thompson resigned on April 11, 2008. Thompson resigned her position and requested a severance package on April 11, 2008. See Exhibit "2."

23. Disputed. Thompson resigned her position and requested a severance package on April 11, 2008. See Exhibit "3."

24. Disputed. Thompson resigned her position and requested a severance package on April 11, 2008. See Exhibit "3."

25. Disputed. Thompson resigned her position and requested a severance package on April 11, 2008. See Exhibit "3." Also, there are not 31 days in the month of April.

26. Disputed.

27. Disputed. Thompson resigned her position and requested a severance package on April 11, 2008. See Exhibit "3."

28. Disputed. On January 15, 2008, Thompson received a bonus buy-out payment of $6,420.00, which was later adjusted to $2,140.00 based upon Thompson's months of service in 2008. (Bradshaw Affidavit ¶¶15, 25 and Exh. F and O)

**C.** **Unpaid Vacation Pay.**

29. Disputed. (Bradshaw Affidavit ¶26)

30. Disputed. (Bradshaw Affidavit ¶26)

**LEGAL ARGUMENT**

**A.** **Introduction**

Count II of the Second Amended Complaint ("Complaint") alleges breach of contract for

4

the alleged failure of Energizer to fully pay the amounts due Plaintiff for wages, bonus and vacation pay (usually referred to by Energizer as PTO, "personal time off".) (Complaint at ¶¶ 25-27)

Plaintiff cannot sustain this claim. Plaintiff is simply mistaken with respect to her calculations and records of payments received. In fact, Plaintiff has received all that she is entitled to (and more) in wages, bonuses, and vacation pay.

**B.     Legal Standard for Deciding Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(c) provides the framework for deciding a motion for summary judgment in federal court. As the rule provides, "[summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. 56(c)(2). An issue of fact is "material" if it might affect the outcome of the case under governing law. See Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 248 (1986). A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U. S. 317, 322 (1986). To defeat a motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial. Evers v. GMC, 770 F. 2d 984, 986 (11th Cir. 1985). "Once a party has made a showing that no material issues of fact are in dispute, mere conjecture or speculation by the party resisting summary judgment does not provide a basis upon which to deny the motion." Quarles v. GMC, 758 F. 2d 839, 840 (2d Cir. 1985). A plaintiff cannot avoid summary judgment based upon mere subjective beliefs; they do not create issues of fact.

Ramsey v. Leath, 706 F. 2d 1166, 1170 (11th Cir. 1983).

C. **Plaintiff is Not Entitled to Additional Payments for Wages, Bonuses, or Vacation Pay**

In Count II of the Complaint, Plaintiff claims that she "discharged her responsibilities pursuant to the Contract of Employment by reporting for duty in the employ of Energizer…" (Complaint at ¶ 23) She claims that Energizer did not pay her all of the wages, bonus and vacation benefits due under the terms of the contract of employment. The undisputed facts show that Plaintiff's claim is invalid and that she did receive all of the wages, bonus and vacation benefits due her.

At the outset, it should be noted that Plaintiff did not actually discharge her responsibilities pursuant to the contract because she never reported for duty where the contract required her to and where she agreed to, Allendale, New Jersey. (See Exhibit F to Bradshaw's Affidavit.) However, for purposes of this Motion for Summary Judgment only, Energizer will not make that an issue and will address Plaintiff's entitlements as though she had complied with her employment contract for the first four months of 2008 until her resignation.

As set forth above in the Statement of Undisputed Material Facts, Plaintiff's agreed salary for 2008 was $85,000, based upon the employment contract that she entered into in December, 2007. (See Exhibit F to Bradshaw Affidavit) As the agreement states, effective January 1, 2008, Plaintiff was no longer eligible to participate in a bonus program. However, as a result of her loss of bonus participation, it was agreed that Plaintiff was entitled to receive a bonus reduction buyout payment on January 1, 2008 and January 1, 2009, subject to her continued employment during those years, with the requirement of a prorated repayment if her employment were to terminate for any reason. (Id.) The buyout payment was to be calculated

6

by multiplying her December 2007 salary by 15%.[1] On January 15, 2008, Plaintiff received a bonus buyout payment of $6,420 (15% of her December 2007 salary, $42,800). (See Exhibit H to Bradshaw Affidavit)

As an Energizer employee with approximately 2 ½ years of service as of early 2008, Plaintiff was entitled to 16 days of paid time off for the 2008 year, had she stayed the entire year. (See Exhibit I to Bradshaw Affidavit) Energizer's policy does not permit additional pay, over and above their salary, for the nine holidays that the company recognizes. (Id.) During the four months of the year that Plaintiff was an employee of Energizer in 2008, Plaintiff took 35 hours of personal time off. (Bradshaw Affidavit, ¶17)

After submitting her letter of resignation, Plaintiff informed Energizer that she had never received the pay raise up to $85,000 that was to have been effective January 1, 2008 (notwithstanding that she never relocated to New Jersey, as required). (Bradshaw Affidavit ¶23). Energizer agreed to make up the difference and to pay her for the small amount of remaining PTO she did not take, together with making the necessary adjustments for the bonus payment she had already received (in light of the fact that she would only be employed by Energizer for one-third of the year 2008.)

The payments to Plaintiff and reconciliation are as follows:

a.   On May 15, 2008, Energizer paid Plaintiff $7,795.85 (gross) in an effort to pay up all amounts due. It was calculated as follows: $85,000.00 (contract salary) less $42,800.00 (rate actually paid) divided by 12 (months) times 4 (months) equals $14,066.67. From that, Energizer

---

[1] Thompson's employment agreement, Exhibit F to the Bradshaw Affidavit, specifies that her bonus reduction buyout payment "will be calculated using the percentage reduction in your bonus target multiplied by your base salary in effect on December 31, 2007 for the January 1, 2008 payment…" The percentage reduction in her bonus target was 15%. (See ¶14 and Exhibit D to Bradshaw Affidavit).

7

subtracted the entire January 1, 2008 bonus buyout payment of $6,420.00.[2]  Added to that amount was Energizer's calculated amount of $149.18 for PTO believed due.[3]  The $14,066.67 less $6,420 plus $149.18 equals $7,795.85.  That amount was paid to Plaintiff on May 15, 2008.  (See Exhibit N to Bradshaw Affidavit)

        b.        In fact, because Plaintiff completed four months of service in 2008, she was only required to repay 2/3 of the bonus reduction buyout payment, or $4,280.  Therefore, on September 25, 2008, Plaintiff was repaid $2,140 (gross) for the portion of the buyout payment that was "earned."  (Bradshaw Affidavit ¶25).

        c.        In addition, Energizer learned that the earlier personal time off payment of $149.18 had been calculated on the basis of her December 2007 salary of $42,800 rather than her 2008 salary of $85,000.  Therefore, Energizer recalculated and paid the difference of $164.29 (gross) so that the total amount of the personal time off (or vacation) to which Plaintiff was entitled and for which she was paid was $313.47.  The payment of $164.29 was made at the same time as the repayment of the bonus in the amount of $2,140.  (See Exhibit O to Bradshaw Affidavit)

        d.        The reconciliation of the entire amount of the personal time off payment is as follows:  in accordance with Energizer's PTO policy, "If a colleague terminates voluntarily or involuntarily mid-year, she will be paid out based on prorated PTO days earned vs. PTO hours taken.  (Exhibit I to Bradshaw Affidavit).  To calculate, take the number of months worked divided by twelve; take this percentage times the PTO annual total."  (Exhibit I to Bradshaw

---

[2] This represents an initial mistake by Energizer, which should have subtracted only 2/3 of the bonus buyout, representing the part that Plaintiff did not earn during 2008.  That mistake was corrected and will be discussed in the next step of the reconciliation.

[3] That initial amount was also incorrect, as it was based upon Plaintiff's December salary of $42,800.  That initial error was also corrected in the next step of the reconciliation.

8

Affidavit)  Applied to Plaintiff, who had 2+ years of service and, accordingly, was entitled to 16 days of PTO for the year), the formula works as follows:  4 divided by 12 x 16 days (or 128 hours) = 42.67 hours.  Subtracting the 35 hours of PTO that Plaintiff had taken to date as of April 30, 2008, equals 7.67 hours.  Plaintiff's hourly compensation based upon her salary of $85,000 was $40.87 per hour, calculated as $85,000 divided by 2080 hours (i.e., 52 weeks times 5 days times 8 hours).  7.67 hours x $40.87 = $313.47.  Because Plaintiff had been paid $149.18 already, she was owed an additional $164.29.  That is the amount that was paid to her on September 25, 2008, along with the repayment of one-third of the bonus. (Bradshaw Affidavit ¶26).

Based upon the above, Plaintiff was paid $10,100.14 ($7,795.85 + $2,140 + $164.29). (Bradshaw Affidavit ¶27).  That is the total amount of additional payments made to Plaintiff in response to her claim that she was paid less than the amount due for 2008.  Based upon the plain language of the employment contract and the Energizer policies to which the contract and Plaintiff were subject, Energizer paid Plaintiff the entire amount due, and no other sums are due and owing.  (Id.)  Therefore, this Court should deny Plaintiff's Motion for Partial Summary Judgment and enter summary judgment in favor of Energizer on Count II of the Complaint based upon Energizer's contemporaneously filed Cross-Motion for Summary Judgment.

Respectfully submitted,

s/Tanya M. Reed
Tanya M. Reed (FBN: 28306)
treed@gunster.com
Gunster, Yoakley & Stewart, P.A.
Phillips Point – Suite 500 East
777 South Flagler Drive
West Palm Beach, FL 33401
Telephone: (561) 655-1980
Facsimile:  (561) 655-5677
Attorneys for Energizer Holdings, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 21, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


                                              s/Tanya M. Reed
                                              Tanya M. Reed

**SERVICE LIST**
**United States District Court, Middle District of Florida**
**Louise Thompson v. Energizer Holdings, Inc.**
**Case No. 6:08-cv-02052-MSS-DAB**

Electronic Mail Notice List

- **Bonnie Ava Berns**
  bbernslawoffice@yahoo.com,laura@fl-law.com

- **Gerard Joseph Curley**
  jcurley@gunster.com,sgrayson@gunster.com

- **Tanya M. Reed**
  treed@gunster.com,lmiller@gunster.com

- **Nicholas E. Karatinos**
  nek1720@aol.com

WPB 1082228.1